UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELODY LYNN EVERMAN, | Case No. 13-12762 |
| Plaintiff, | Denise Page Hood |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
<u>**MOTION TO DISMISS (Dkt. 9)**</u>

**I.   PROCEDURAL HISTORY**

   A.   <u>Proceedings in this Court</u>

On June 24, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Denise Page Hood referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim. (Dkt. 4).

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. 9). Plaintiff filed a response on November 1, 2013. (Dkt. 11). Pursuant to an order of the court, defendant filed a reply brief on June 16, 2014. (Dkt. 12, 14).

B. <u>Administrative Proceedings</u>

Plaintiff first filed an application for disability insurance and supplemental security income benefits on August 15, 2011. (Dkt. 9-1, Ex. 1). Plaintiff's application was denied initially on November 2, 2011. (Dkt. 9-1, Ex. 1). On April 25, 2012, plaintiff filed a written request for a hearing. (Dkt. 9-1, Ex. 2). On May 10, 2012, an administrative law judge dismissed plaintiff's request for a hearing because it was untimely filed and plaintiff did not establish good cause for the late filing. (Dkt. 9-1, Ex. 3). The ALJ noted that plaintiff stated that she missed the deadline to request a hearing because of the nature of her disability, which includes severe and longstanding headaches and a psychiatric situation. (Dkt. 9-1, Pg ID 41). Plaintiff claimed that she was unable to concentrate long enough to file her appeal.

The ALJ says this explanation was considered and plaintiff did not establish good cause for missing the deadline. The ALJ pointed to recent mental health treatment notes indicating that plaintiff has the ability to make and keep doctor appointments. The ALJ also relied on recent emergency room records, indicating that plaintiff did not complain of any headaches, and a mental status examination indicating normal mood and affect. (Dkt. 9-1, Pg ID 42). Based on the foregoing, the ALJ denied plaintiff's untimely request for a hearing, finding no good cause for the delay. (Dkt. 9-1, Pg ID 42). Plaintiff requested review of the ALJ's order

of dismissal and on April 25, 2013, the Appeals Council denied her request for review. (Dkt. 9-1, Ex. 4).

## II.   PARTIES' ARGUMENTS

### A.   The Commissioner's Motion to Dismiss

The Commissioner points to Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), which authorize judicial review in cases arising under the Social Security Act. According to the Commissioner, those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

Thus, the Commissioner contends that Congress has explicitly stated that, in

claims arising under the Act, judicial review is permitted only in accordance with § 205(g) of the Act. Accordingly, § 205(g) of the Act is the exclusive jurisdictional basis for judicial review in cases arising under the Act. The Commissioner maintains that this Court lacks jurisdiction in this case because plaintiff has not identified any final decision of the Commissioner subject to judicial review under § 205(g) of the Act with respect to her applications for disability benefits. Accordingly, the Commissioners asks the Court to dismiss plaintiff's complaint.

B.  Plaintiff's Response

According to plaintiff, her complaint falls within an exception to the general rule cited by the Commissioner. Plaintiff asserts that the Supreme Court acknowledged an exception to this rule when a colorable claim of a constitutional question is presented. *Califano v. Sanders*, 430 US 99, 108-09 (1977); *see also*, *Parker v. Califano*, 644 F2d 1199 (6th Cir. 1981). The Sixth Circuit has recognized that such an issue exists where a claimant contends that her due process rights were abridged because her mental impairment precluded her from complying with legal notices and deadlines. *Parker*, *supra*. In such a case, the claimant does not receive meaningful notice and an opportunity to be heard, basic requirements of due process. *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870 (6th Cir. 1986).

Plaintiff points out that she filed a "Good Cause Statement" with her untimely request for a hearing, noting that her "headache situation, depression, inability to focus and generally debilitated lifestyle" left her unable to respond to the initial denial of her claim, and further indicated that she had sought treatment from several mental health providers during the appeal period. In addition, plaintiff noted that she was only able to focus sufficiently to seek counsel to file an appeal when her estranged husband learned of the situation and prompted her to do so. This, plaintiff submits, represents the type of situation dealt with in *Parker* and *Wills*. As a result, plaintiff contends that defendant's motion should be denied and this matter should be remanded to the Commissioner to determine whether plaintiff's mental illness prevented her from understanding and pursuing her administrative remedies following the initial denial of her application for benefits, just as in *Parker*.

C.     The Commissioner's Reply

The Commissioner points out that plaintiff does not refute the assertion that she has not identified any final decision of the Commissioner subject to judicial review under § 205(g), but instead argues that this Court has jurisdiction because plaintiff presented a constitutional question. According to the Commissioner, the ALJ afforded plaintiff her due process and rights and specifically considered whether plaintiff's mental impairments prevented her from timely filing her

request for a hearing. The ALJ explained:

> In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because of the nature of her disability, severe and longstanding headache [sic] and a psychiatric situation. The undersigned has considered this explanation under the standards set forth in 20 CFR 404.911 and 416.1411 and finds that the claimant has not established good cause for missing the deadline to request a hearing. Claimant states that she was unable to concentrate long enough to file [sic] appeal due to depression and migraines. However, most recent mental health treatment notes (September, 2011) indicate that she has the ability to make and keep doctor appointments. Most recent ER records (January 2011) show treatment for mild flank pain, with no complaints of headaches, and a mental status exam indicating normal mood and affect. This indicates sufficient concentration abilities to act on her appeal rights.

(Dkt. 9, Ex. 3). While plaintiff asserts that "this matter should be remanded to the Commissioner to determine whether plaintiff's mental illness prevented her from understanding and pursuing her administrative remedies," the Commissioner contends that the ALJ already conducted this analysis when he issued his Order of Dismissal.

Relying on the Sixth Circuit's decision in *Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981), plaintiff also argues that her due process rights were violated because the ALJ's analysis was not adequate. But, according to the Commissioner, plaintiff has not cited any specific evidence suggesting that she

was more limited than found by the ALJ. Rather, in plaintiff's "Good Cause Statement for Late Filing of Request for Hearing," plaintiff raised the same evidence before the ALJ that she raises now. But, the ALJ weighed this evidence and reasonably determined that plaintiff's purported reasons did not satisfy the good cause requirement. According to the Commissioner, that plaintiff disagrees with the ALJ's reasonable finding should not equate with a determination that her due process rights were abridged.

The Commissioner argues that this is not a case in which the ALJ summarily dismissed plaintiff's request for a hearing without further consideration of the underlying reasons for why the plaintiff may have filed late. Rather, the ALJ considered plaintiff's alleged reasons for failing to timely file and reviewed whether the evidence supported plaintiff's assertions. The ALJ reasonably concluded that plaintiff had not established good cause for her failure. Therefore, the Commissioner contends that the agency afforded plaintiff her due process rights and plaintiff has failed to raise a constitutional issue to confer jurisdiction before this Court.

## III.   ANALYSIS AND CONCLUSION

To survive the motion to dismiss, plaintiff must present a colorable constitutional claim that vests the courts with jurisdiction to review the application of *res judicata*. It is well-settled that a "court may not review a refusal to reopen

an application for benefits absent a constitutional challenge." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990), citing *Gosnell v. Califano*, 625 F.2d 744, 745 (6th Cir. 1980); *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987), citing *Califano v. Sanders*, 430 U.S. 99 (1977). As noted in *Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981):

> [The Supreme Court in *Sanders*] noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a 'final decision of the Secretary made after a hearing.' [*Sanders*, 430 U.S.] at 108. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. *Id*.

*Parker*, 644 F.2d at 1201. Similarly, the Sixth Circuit has held that the dismissal of a hearing request is not within the jurisdictional purview of § 405(g) absent a colorable constitutional claim. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (rejecting jurisdiction over an appeal from a denial of a hearing request for untimely filing). As explained in *Suciu v. Comm'r of Soc. Sec.*, 405 F.Supp.2d 874, 878 (M.D. Tenn. 2005):

> As Defendant recognized in its briefs, the decision to deny a hearing request or to deny a request to reopen a hearing, is made without a hearing, and is therefore unreviewable by a district court pursuant to 42 U.S.C. § 405(g), *absent a constitutional challenge. See id*. The Supreme Court recognized in *Sanders* that otherwise

> unappealable orders may be challenged on constitutional grounds. This court has interpreted *Sanders* as requiring a reviewing court to determine whether a claimant has established a colorable constitutional claim. *See Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992). Absent a finding that the claimant has established a colorable constitutional claim, a federal court has no jurisdiction to review the Commissioner's decisions made without a hearing. *Id*. Further, the use of constitutional language to "dress up" a claim of abuse of discretion in refusing to reopen an application does not create a colorable constitutional challenge. *Ingram v. Sec'y of Health & Human Servs*., 830 F.2d 67, 67-68 (6th Cir. 1987).

(emphasis in original).

The existence of a such a claim is a question of law for the court to decide. *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 872 (6th Cir. 1986). In reviewing the findings of fact on which the Commissioner's determination is based, the Court must determine whether they are supported by substantial evidence. *See Wills*, 802 F.2d at 873; *see also Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999); *Vaswani v. Barnhart*, 2007 WL 2412262 (S.D.N.Y. 2007) (where the Appeals Council considered whether the evidence of mental impairment submitted by plaintiff established good cause for reopening the claim, the SSA had addressed the substance of the due process claim and the Court was permitted to review the Appeals Council's ruling for substantial evidence) (citing *Byam v. Barnhart*, 336 F.3d 172 (2d Cir. 2003)). As outlined in *Parker v. Califano*, after the agency has made a determination regarding whether plaintiff's

mental illness prevented her from pursuing her administrative remedies, "the district court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme." *Id.* at 1203; *see also Blake v. Barnhart*, 2003 WL 1343021 (D. N.H. 2003) (The court denied the motion to dismiss where the plaintiff raised a colorable constitutional claim regarding the ALJ's denial of the request to reopen the DIB application; the court had subject matter jurisdiction over this decision and review of the matter was limited to whether substantial evidence supports the ALJ's determination that the plaintiff was able to comprehend and/or act upon the administrative remedies available.).

Based on the foregoing authority, it seems readily apparent that plaintiff has alleged a colorable constitutional claim given the evidence presented to and considered by the ALJ that her mental illness precluded her from pursuing her administrative remedies. Thus, the Commissioner's motion to dismiss should be denied on this basis. Whether the evidence supports the Commissioner's decision that plaintiff was afforded due process and that plaintiff failed to present sufficient evidence that her mental impairments prevented her from completing all the necessary steps at the administrative level is not an issue before the Court in this motion. The Commissioner argues that the issue is closed because the ALJ considered plaintiff's constitutional claim. However, the only issue before the

Court at this time is whether the Court has subject matter jurisdiction. The undersigned has concluded that the Court does have jurisdiction, despite the lack of a final decision, because plaintiff has asserted a colorable constitutional claim. And, as mandated by *Parker v. Califano*, after the parties fully brief plaintiff's constitutional claim and the appropriate standard of review that governs that claim, along with the submission of the record as it relates to plaintiff's constitutional claim (which has not yet been presented to the Court), the Court will then be able to determine whether the Commissioner's decision was appropriate. Should this report and recommendation be adopted by the District Court, the undersigned will issue a briefing schedule on this issue.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

4

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 25, 2014                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

12

Report and Recommendation
Motion to Dismiss
*Everman v. Comm'r*; Case No. 13-12762

## CERTIFICATE OF SERVICE

I certify that on June 25, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: John C. Chowning, Lynn Marie Dodge, Niranjan Emani.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov