**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MELODY LYNN EVERMAN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Civil Action No. 13-12762

Honorable Denise Page Hood
United States District Judge

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Magistrate Judge Michael J. Hluchaniuk's Report and Recommendation on Defendant Commissioner of Social Security's Motion to Dismiss **[Docket No. 9, filed September 3, 2013]**. Defendant filed an objection to the Magistrate Judge's Report and Recommendation **[Docket No. 16, filed July 2, 2014]**. The Plaintiff Melody Lynn Everman filed a response to Defendant's objection and in support of the Magistrate Judge's Report and Recommendation **[Docket No. 17, filed July 16, 2014]**. For the reasons stated below, the court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Defendant Commissioner's Motion to Dismiss **[Docket No. 9, filed September 3, 2013]** is **DENIED**.

The Sixth Circuit has held that "a court may not review a refusal to reopen an application for benefits absent a constitutional challenge." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (1990).  To survive Defendant's motion to dismiss, Plaintiff must present a colorable constitutional claim that vests the court with jurisdiction to review the application of *res judicata*. *See Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). Abridged due process is a colorable constitutional claim. "The Social Security Act and due process require that a claimant receive meaningful notice and an opportunity to be heard before her claim for disability benefits may be denied." *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981). The existence of a constitutional claim, such as due process, is a question of law for the court to decide. *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 872 (6th Cir. 1986). When reviewing the findings of fact on which the Commissioner's determination is based, the court must determine whether the findings are supported by substantial evidence. *Id* at 873.

In the present case, Plaintiff filed an application for disability, which was denied. Plaintiff then filed an untimely appeal and attached a "good cause" explanation for her late request. Plaintiff alleges that she did not have sufficient notice of her remedies due to her mental illness. An administrative law judge determined that the Plaintiff's good cause explanation was insufficient and denied the Plaintiff's appeal. Relying on the Sixth Circuit's decision in *Parker v. Califano*,

Plaintiff argues that her due process rights were violated because the ALJ's analysis was not adequate **[Docket No. 11]**. Defendant argues that the ALJ has already considered Plaintiff's mental illness under the standards set forth in 20 CFR 404.911 and 416.1411and found that it was insufficient cause to overcome Plaintiff's untimely appeal. For this reason, Defendant concludes that Plaintiff has exhausted her remedies and due process.

In *Califano v. Sanders*, the Supreme Court held that "when constitutional questions are in issue, the availability of judicial review is presumed and the U.S. Supreme Court will not read a statutory scheme to take the extraordinary step of foreclosing jurisdiction."  430 U.S. 99, 102 (1977).  Since Plaintiff alleges a colorable constitutional claim, the existence of which is determined by the court, this case will not be dismissed.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the existence of a constitutional claim is a question of law for the court to decide.  The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching this conclusion. The Court also agrees with the Magistrate Judge that the Plaintiff has alleged a colorable constitutional claim given the evidence presented and considered by the ALJ that her mental illness precluded her from pursuing her administrative remedies.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate

Judge Michael J. Hluchaniuk **[Docket No. 15, filed June 25, 2014]** is

**ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that the Defendant Commissioner of Social

Security's Motion to Dismiss **[Docket No. 9, filed September 3, 2013]** is

**DENIED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on September 29, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
