UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELODY LYNN EVERMAN,                          Case No. 13-12762

             Plaintiff,                          Denise Page Hood
v.                                            United States District Judge

COMMISSIONER OF SOCIAL SECURITY,              Stephanie Dawkins Davis
                                              United States Magistrate Judge
             Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 25, 27)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On June 24, 2013,  plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Denise Page

Hood referred this matter to Magistrate Judge Michael Hluchaniuk for the purpose

of reviewing the Commissioner's decision denying plaintiff's claim.  (Dkt. 4).

Previously, defendant filed a motion to dismiss for lack of subject matter

jurisdiction.  (Dkt. 9).  On June 25, 2014 Judge Hluchaniuk recommended denial

of that motion, concluding that plaintiff had stated a colorable constitutional claim

and that a decision on the merits of that claim could not be made until the record

1

was filed with the Court. (Dkt. 15). That recommendation was adopted by Judge

Hood on September 29, 2015. (Dkt. 18). On April 14, 2016, this matter was

reassigned to the undersigned. *See* Text-Only Order dated 4/14/16. The Court

ordered defendant to file an answer and transcript by May 27, 2016. (Dkt. 19).

After requesting and receiving an extension of time, the transcript was filed by the

Commissioner on June 10, 2016. (Dkt. 22). Plaintiff filed her motion for

summary judgment on July 12, 2016. (Dkt. 25). The Commissioner filed her

motion for summary judgment on August 5, 2016. (Dkt. 27). On August 12,

2016, plaintiff filed a reply. (Dkt. 28). This matter is now ready for report and

recommendation.

     B.   <u>Administrative Proceedings</u>

     Plaintiff first filed an application for disability insurance and supplemental

security income benefits on August 17, 2011. (Dkt. 22, Pg ID 110-113).

Plaintiff's application was denied initially on November 2, 2011. (Dkt. 22, Pg ID

168). On April 25, 2012, plaintiff filed a written request for a hearing. (Dkt. 22,

Pg ID 168; Dkt. 22, Pg ID 158-159). On May 10, 2012, an administrative law

judge dismissed plaintiff's request for a hearing because it was not timely filed

and plaintiff failed to establish good cause for the late filing. (Dkt. 22, Pg ID 168-

169). The ALJ noted that plaintiff stated that she missed the deadline to request a

hearing because of the nature of her disability, which includes severe and

longstanding headaches and a "psychiatric situation." *Id*.  Plaintiff claimed that she was unable to concentrate long enough to file her appeal.  *Id*.

After considering plaintiff's explanation, the ALJ determined that plaintiff did not establish good cause for missing the deadline.  The ALJ relied on recent at the time mental health treatment notes which indicated that plaintiff had the ability to make and keep doctor appointments.  The ALJ also relied on emergency room records from the period between her denial and her request for a hearing, indicating that plaintiff did not complain of any headaches, as well as a mental status examination indicating normal mood and affect.  *Id*.  Based on the foregoing, the ALJ denied plaintiff's untimely request for a hearing, finding no good cause for the delay.  *Id*.  Plaintiff requested review of the ALJ's order of dismissal and on April 25, 2013, the Appeals Council denied her request for review.  (Dkt. 22, Pg ID 170-173).

For the reasons set forth herein, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgement be **GRANTED**, and that the findings of the Commission be **AFFIRMED**.

## II.   DISCUSSION

### A.   Legal Standards

It is well-settled that a "court may not review a refusal to reopen an

application for benefits absent a constitutional challenge." *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990), citing *Gosnell v. Califano*, 625 F.2d 744, 745 (6th Cir. 1980); *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987), citing *Califano v. Sanders*, 430 U.S. 99 (1977). As noted in *Parker v. Califano*, 644 F.2d 1199 (6th Cir. 1981):

> [The Supreme Court in *Sanders*] noted that the clear language of Section 205(g) indicated that the federal courts' jurisdiction under the [Social Security] Act is limited to review of a 'final decision of the Secretary made after a hearing.' [*Sanders*, 430 U .S.] at 108. The Court held that because a petition to reopen may be denied without a hearing Congress did not intend Section 205(g) to provide the jurisdictional predicate for judicial review of the Secretary's decision not to reopen a prior final decision. *Id*.

*Parker*, 644 F.2d at 1201. The Sixth Circuit went on to note that "[s]ince the advent of *Sanders*, the courts have held that, absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of *res judicata*." *Id*. (citations omitted); *see also Baker v. Astrue*, 2013 WL 4437458, *5 (E.D. Mich. 2013) (The Sixth Circuit has "clearly held that the logic of *Sanders* extends to actions seeking review of the Secretary's denial of a hearing request on *res judicata* grounds."), quoting *DeLeon v. Sec'y of Health & Human Servs.*, 687 F.Supp. 320 (W.D. Mich. 1987), citing *Crouch v. Sec'y of Health & Hum. Servs.*, 714 F.2d 139 (6th Cir. 1983).

The existence of a such a constitutional claim is a question of law for the court to decide. *Wills v. Sec'y of Health & Human Servs.*, 802 F.2d 870, 872 (6th Cir. 1986). And, contrary to most of the arguments raised by the Commissioner in her motion for summary judgment, in reviewing the findings of fact on which the Commissioner's determination is based, the Court must determine whether they are supported by substantial evidence. *See Wills*, 802 F.2d at 873; *see also Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999); *Vaswani v. Barnhart*, 2007 WL 2412262 (S.D.N.Y. 2007) (Where the Appeals Council considered whether the evidence of mental impairment submitted by plaintiff established good cause for reopening the claim, the SSA had addressed the substance of the due process claim and the Court was permitted to review the appeals' council ruling for substantial evidence) (citing *Byam v. Barnhart*, 336 F.3d 172 (2d Cir. 2003)).

The Commissioner urges the Court to reject plaintiff's contention that the Court must review whether substantial evidence supports the reasons the ALJ gave for denying her request for a hearing. Rather, the Commissioner argues that the Sixth Circuit has found that the Act does not permit a court to review the merits of the ALJ's decision to dismiss a claimant's hearing request. *See Dexter v. Colvin*, 731 F.3d 977 (6th Cir. 2010) (The claimant was not entitled to judicial review of the merits of the ALJ's good-cause decision). The Commissioner further points

5

out that cases arising under the Act generally are not subject to review unless they challenge a "final decision of the Secretary made after a [statutorily mandated] hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)) (internal quotation marks omitted).  While the Commissioner is generally correct, it is equally true that *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981) carved out a very narrow exception to this rule where there is a colorable constitutional claim.  Thus, the Court may review the ALJ's decision under a substantial evidence standard to ensure compliance with due process and the statutory scheme.  *See Wills*, 802 F.2d at 873.

As outlined in *Parker v. Califano*, after the agency has made a determination regarding whether plaintiff's mental illness prevented her from pursuing her administrative remedies, "the district court will have a sufficient record before it to decide what relief, if any, is consonant with due process and the Secretary's regulatory scheme."  *Id.* at 1203; *see also Blake v. Barnhart*, 2003 WL 1343021 (D. N.H. 2003) (The court denied the motion to dismiss where the plaintiff raised a colorable constitutional claim regarding the ALJ's denial of the request to reopen the DIB application; the court had subject matter jurisdiction over this decision and review of the matter was limited to whether substantial evidence supports the ALJ's determination that the plaintiff was able to comprehend and/or act upon the administrative remedies available.); *see also*

*Shotwell v. Comm'r of Soc. Sec.*, 2014 WL 6986434 (E.D. Mich. Dec. 10, 2014) (District court adopted recommendation that the court could not decide whether substantial evidence supported the Commissioner's decision because there was <u>no</u> analysis in the decisions of the ALJ or the appeals council regarding plaintiff's mental capacity and what evidence was considered in reaching the decision that plaintiff had not established good cause for missing the deadline to request a hearing. Thus, the matter was remanded so that the Commissioner could fully and expressly address the plaintiff's constitutional claim.).[1] Thus, in the view of the undersigned, the precise issue before the Court is whether the ALJ's decision that plaintiff failed to establish good cause for missing her deadline based on alleged mental impairments is supported by substantial evidence.

The court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

---

[1] Notably, despite now arguing that this Court would be creating new law if plaintiff's claim were decided under the substantial evidence standard, the Commissioner did not object to the report and recommendation issued in *Shotwell*. *See Shotwell*, 2014 WL 6986434, at *1.

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing *Mullen*, 800 F.2d at 545.

B.   Plaintiff's Motion for Summary Judgment

Plaintiff contends that the ALJ's summary of plaintiff's statement and medical record review was unfairly limited, and that he ignored significant mental health complaints contained therein: "Claimant states that she was unable to concentrate long enough to file appeal due to depression and migraines." (Dkt. 22, Pg ID 235). The ALJ then reviewed the medical record, concluding, "This

8

indicates sufficient concentration abilities to act on her appeal rights." *Id*.

Plaintiff maintains that an inability to concentrate (or focus, as plaintiff actually

put it) was only one of plaintiff's allegations: "It is her headache situation,

depression, inability to focus and generally debilitated lifestyle that caused her to

be unable to respond to the November 4 [sic], 2011 'Notice of Disapproved

Claim.'" (Dkt. 22, Pg ID 158). As a result, plaintiff asserts that the ALJ failed to

even take into account all of plaintiff's claims, which led to an improperly limited

analysis. In this vein, plaintiff argues that the ALJ had years of treatment records

to consider, but chose to highlight treatment from just two separate occasions.

The first reference is to an ER visit in January 2011 during which plaintiff

purportedly complained solely of flank pain. (Dkt. 22, Pg ID 235). However,

plaintiff asserts that the administrative record contains no evidence of such a visit

with the possible exception of a CT scan report from January 13, 2011. (Dkt. 22,

Pg ID 306). Plaintiff insists that it may not be determined solely from that report

whether plaintiff had other complaints, including headaches. Consequently,

plaintiff contends that a finding based on the events of January 2011 is not

supported by substantial evidence.

   Plaintiff also points to the fact that she was seen by Dr. Cheng at U-M

Hospital on January 24, 2011, at which time she reported "daily headaches for a

long period of time. The headache is a stabbing, throbbing pain on the right

retroorbital area." (Dkt. 22, Pg ID 250).  Similarly, plaintiff was seen at Oakland Psychological Clinic on January 11, 2011, at which time she reported anxiety, depressed mood, and disturbance in social relationships, with the following further report: "Melody was not in good shape today.  She complained about not feeling well – wanted light off – unhappy." (Dkt. 22, Pg ID 273).  Thus, plaintiff contends that she was neither physically nor mentally symptom-free in January 2011.  Accordingly, plaintiff argues that the ALJ's finding to the contrary, lacking any supportive medical record, clearly is not supported by substantial evidence.

The ALJ also referred to notes from a single visit to plaintiff's mental health therapist in September 2011, which he stated "indicate that she has the ability to make and keep doctor appointments." (Dkt. 22, Pg ID 235).  According to plaintiff, there was no actual indication in the note that plaintiff was so capable. Rather, it was apparently instead the ALJ's "take" on the fact that plaintiff appeared for her appointment.  However, the notes do indicate that "Melody reported some moodiness and reactive 'ups and downs' ... verbalized about feeling over-whelmed and lonely." (Dkt. 22, Pg ID 259).  There were further notations of irritability, anxiety, depressed mood, impulsivity, mood swings, functional impairment, and disturbance in social relationships.  *Id*.  According to plaintiff, this is not proof that she did not have ongoing mental issues that would have impaired her ability to take action on her legal rights and obligations – proof of

"good cause" for not filing a timely request for review.

Lastly, plaintiff argues that even if the ALJ's findings were supported by the records he cited, the ALJ's method of supporting the ruling is a clear example of impermissible "cherry-picking" of the evidence, i.e. seeking evidence to support a desired result while ignoring conflicting evidence.  The Sixth Circuit has confirmed that an ALJ must consider all the evidence and errs if he has "'cherry-picked select portions of the record' rather than doing a proper analysis..." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 Fed. Appx. 771, 777 (6th Cir. 2008) (quoted with approval in *Gentry v. Comm'r of Soc. Sec.*, 741 F3d 708, 724 (6th Cir. 2014)).

Based on the foregoing, plaintiff maintains that the record demonstrates ongoing treatment for a period of years for both plaintiff's headaches and her depression and anxiety.  (Dkt. 22, Pg ID 242-254; 259-177).  Debilitating headaches and psychiatric depression as the result of bipolar disorder including social withdrawal certainly explain why plaintiff did not seek legal counsel or otherwise take action to protect her rights, sufficient to meet the test from *Parker*. According to plaintiff, because the ALJ's finding that plaintiff's untimely filing was not the result of her impairments is not supported by substantial evidence, this Court may find that plaintiff established a colorable constitutional issue pursuant to *Parker* and it may take subject matter jurisdiction over this matter.  Plaintiff

asks the Court to reverse the ALJ's decision, and remand this case for a full hearing on the merits of plaintiff's claim. Or, at the very least, the case should be remanded for further consideration of plaintiff's contention that she showed "good cause" for her untimely filing, with an opportunity to testify and a requirement that the ALJ consider all her allegations and render an opinion which adequately resolves all issues.

### C.   Commissioner's Arguments Regarding Substantial Evidence

The Commissioner maintains that the ALJ specifically considered whether plaintiff's mental impairments prevented her from timely filing her request for a hearing. The ALJ relied on plaintiff's most recent treatment notes from September 2011 indicating that she had the ability to make and keep doctor appointments. (Dkt. 22, Pg ID 168-169). The ALJ also cited emergency room records from January 2011 showing treatment for mild flank pain, with no complaints of headaches, and a mental status exam indicating normal mood and affect. *Id*. Based on that evidence, the Commissioner asserts that the ALJ reasonably concluded that plaintiff retained sufficient concentration to act on her appeal rights. *Id*. Although plaintiff argues that the ALJ "cherry-picked" the evidence, the Commissioner maintains that she has failed to identify any treatment notes that would undermine the ALJ's finding. Plaintiff relies on other treatment notes in the record that reflected she had increased symptoms of headaches, depressed mood,

and anxiety.  The Commissioner points out that an ALJ is not obligated to discuss every piece of evidence in the record. *Walker v. Sec'y of Health & Human Servs*., 884 F.2d 241, 245 (6th Cir. 1989).

The Commissioner also maintains that the existence of an underlying impairment or the exacerbation of symptoms does not reflect that plaintiff was incapable of timely requesting a hearing.  According to the Commissioner, plaintiff has not offered any evidence suggesting "she was unable to concentrate long enough to file [her] appeal due to depression and migraines."  (Pl.'s Br. 6, citing Dkt. 22, Pg ID 235).  For example, plaintiff's treatment notes do not show that her symptoms were so severe that she was unable to comprehend the Commissioner's notice or that she lacked the concentration necessary to request a hearing or seek help to request a hearing.

The Commissioner maintains that plaintiff has also failed to show that the ALJ was obligated to hold a hearing to assess whether she had established good cause for her failure to timely file.  The Commissioner contends, therefore, that the ALJ properly considered plaintiff's reasons for failing to request a hearing in a timely manner and relied on treatment notes that failed to support plaintiff's rationale.  Therefore, the Commissioner asserts that the ALJ's finding cannot and should not be disturbed.  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not

be warranted even if substantial evidence would support the opposite conclusion.").

    D.    <u>Analysis and Conclusion</u>

Plaintiff bore the burden of establishing good cause below and now bears the burden of showing that the ALJ's decision is unsupported by substantial evidence. In the view of the undersigned, plaintiff has not met that burden. Notably, though not dispositive of the issue, plaintiff points to no records that fell within the 60-day period within which she was required to make her request for a hearing from November 5, 2011 to January 5, 2012. The ALJ focused on the records nearest in time to that period. While the ALJ's decision could have more thoroughly discussed all the evidence in the record, plaintiff has not pointed to any medical records or other evidence suggesting that the ALJ's decision was not based on substantial evidence. Rather, plaintiff points to a host of medical records showing that plaintiff did in fact suffer from chronic migraines and mental health disorders. Plaintiff's argument is that the medical records specifically discussed by the ALJ failed to establish that she was *not* sufficiently mentally impaired. However, plaintiff's argument improperly attempts to shift the burden of proof to the Commissioner. This position has no legal foundation. It was not the ALJ's burden to establish that plaintiff was not mentally impaired. Rather, it was plaintiff's burden to establish that her mental impairments were such that she

14

could not understand the deadline imposed and appreciate the consequences of failing to meet the deadline.  Instead of offering specific evidence in that regard below or explaining how the medical evidence in the record shows that plaintiff's mental impairments rendered her unable to understand the process, plaintiff merely points to the fact that she carries certain diagnoses and suffers from various conditions, mental and otherwise.  Yet, the mere fact that plaintiff suffers from certain conditions, even serious mental health conditions, does not necessarily mean that she was unable to understand the deadline at issue in this case.  *See e.g.*, *Jordan v. Colvin*, 2014 WL 5796713, at *5 (E.D. Ky. Nov. 6, 2014) ("[T]the mere fact that a claimant has been diagnosed with a variety of conditions does not equate automatically with any functional limitation.") (citing *Parley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987)); *see also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a disease] says nothing about the severity of the condition.").

The ALJ may have only discussed a few of the medical records available to him in this case, but plaintiff's ability to make and keep medical appointments is supported in the record to persuasive effect.  Plaintiff's ability to make and attend appointments regularly does tend to show that she could understand the significance of meeting a deadline.  While plaintiff faults the ALJ for not proving that plaintiff was in fact capable of making and keeping appointments, that is not

15

the ALJ's burden.  And, plaintiff points to nothing in the record demonstrating that the contrary is true.  As set forth above, substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  Based on the foregoing, the undersigned concludes that the ALJ's decision falls within the "'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky*, 35 F.3d at 1035.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgement be **GRANTED**, and that the findings of the Commission be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thoyepmas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 22, 2016                    s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 22, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>John C. Chowning, Lynn Marie Dodge, Niranjan Emani.</u>

<div style="margin-left:auto;">

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

</div>